Bureau of Labor,
Unemployment Compensation Division. } No. 3682.
Nov. 4, 1947.

STANTON J. HEWETT

*v.*

WILLIAM H. RILEY, *Commissioner of Labor.*

*McLane, Davis & Carleton (Mr. Stanley M. Brown* orally), for the plaintiff.

*F. Maurice LaForce* (by brief and orally), for the defendant.

BLANDIN, J. Upon analysis it appears that the fundamental contentions of the plaintiff in this proceeding are two. First, that the evidence as a matter of law is insufficient to sustain the Appeal Tribunal's finding that the plaintiff voluntarily terminated his employment without good cause attributable to his employer. Second, that the Appeal Tribunal's decision amounted to a ruling of law that an "employer's request that an employee participate in perjurous acts was not unreasonable, and that in such a situation the employee must perform the perjury and only if 'any ensuing difficulties' arise might he have 'good cause attributable to his employer to leave.'"

In our opinion both contentions must be overruled. A careful reading of the record which the parties by agreement have submitted to this court indicates there was ample evidence to support the decision of the Appeal Tribunal.

The plaintiff's claim in substance is that he was asked to make studies of time cost, so called, upon a production job which he says could not be done properly due to insufficient and inaccurate information furnished him in the shape of cards and records which admittedly the plaintiff himself had kept. The plaintiff says there was not sufficient data to use as a basis for necessary comparisons, that two of the cards had been tampered with and that the studies would not represent a true picture. He maintains he left for these reasons.

According to the employer the plaintiff told him the only reason why he was quitting was that "he had his eye on two jobs that looked better than what he had at that time." The cause the plaintiff gave a deputy investigator of the Unemployment Compensation Division for leaving was that "we had a disagreement of general principles in regard to my work. Responsibility, reports and work are involved. It was just an agreement to discontinue my employment. I am available for work."

There was evidence that two of the cards upon which the plaintiff was asked to make studies had been tampered with, but that a company official on learning of this took them and said "I'll put them in my desk and we won't use them." The case is barren of evidence

that the plaintiff was threatened with discharge at any time, if he did not comply with the employer's desires, and in fact the employer testified that he wanted him to stay. It also appears that shortly after leaving the plaintiff asked an official of the defendant company for a certificate that he had been discharged so that he could draw unemployment compensation.

No reason appears why the fact finding body was not at liberty to believe the testimony of the defendant's officials and disbelieve that of the plaintiff.

We are unable to see how the Appeal Tribunal's "Findings of Fact" and "Decision" as they are styled in the transferred case can be interpreted as a ruling of law such as the plaintiff claims. The function of the tribunal is one of fact finding and this is the way they have apparently approached the problem. Their "Decision" is limited to the simple ruling that the plaintiff voluntarily terminated his employment without good cause attributable to his employer. In the portion devoted to findings of fact there is nothing to indicate they believed the plaintiff's story that his employer was endeavoring to force him to falsify his work, or that the two cards in question would be used to misrepresent the true situation in any way. On the contrary, the portion of the decision which the claimant contends is an erroneous ruling holds in substance that the conduct of the employer as disclosed by the evidence did not constitute a discharge, actual or "constructive" (See 5 U. C. I. S., No. 7135), and furnished no good cause for termination of the employment by the claimant. In this no error is perceived.

There is no claim that the fact finding body acted without jurisdiction or authority, and inasmuch as the plaintiff has withdrawn his appeal to the Superior Court on questions of fact, the crux of the case before this court seems to be whether as a matter of law there was any evidence presented to the Appeal Tribunal upon which they could reasonably have decided as they did. See *Goldsmith* v. *Kingsford*, 92 N. H. 442; *Cloutier* v. *State Milk Control Board*, 92 N. H. 199; *Ricard* v. *Insurance Company*, 87 N. H. 31, 33; *Nawn* v. *Railroad*, 77 N. H. 299; *Hallahan* v. *Riley*, ante, 48.

The answer is that there were two versions of this transaction before the Appeal Tribunal and we believe as a matter of law there was ample evidence to support the one they chose to accept.

*Appeal dismissed.*

All concurred.